## No. 11,145.

THE STATE EX REL. JOSEPH GEBELIN vs. GEORGE W. BUCKNER, JUDGE, ETC.

APPLICATION for Mandamus.

*Kernan & Laycock* for the Relator.

---

The opinion of the court was delivered by

FENNER, J. The relator represents that in the succession of Mrs. Lange he presented a will of the deceased for probate; that the probate was opposed by a party who claimed to be an heir, and also by the attorney for absent heirs who had previously appointed; that the trial of the issues thus arising was assigned by the judge for the 22d day of December; that the attorney for absent heirs made a motion to cancel said assignment; that this motion was heard contradictorily between the parties, and, after hearing, the judge canceled the assignment, which relator claims was tantamount to a continuance of the cause granted on the application of a person without interest and on insufficient showing, and that such continuance works an irreparable injury to relator. He therefore prays for a mandamus commanding the judge to proceed to the trial on the day assigned.

The judge answers that he granted the motion to cancel assign-ment only after hearing the parties and for the reasons: (1) That

the motion was not made for unnecessary delay; (2) that the court was satisfied of the existence of an absent heir; (3) that a reasonable delay would prejudice the interests of no one and would better attain the ends of justice. He further states that the parties were advised that the delay would not be great, but that the cause would be heard at the next term of court, in January.

It would be a gross abuse of our supervisory jurisdiction to interfere with the judge's discretion in such a matter.

Nothing in Article 1646, C. C., interferes with the judge's power, under Article 333, C. P., to fix a day, place and hour for the probate, of which resident heirs must be notified, and although absent heirs are not entitled to notice except through counsel appointed to represent them, there is no mandate of the law preventing the judge from granting reasonable delay when he considers that the interests of justice require it.

We can not interfere with such exercise of his discretion.

Mandamus denied.